﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 181127-1273
DATE: March 18, 2019

ORDER

Entitlement to an effective date of January 13, 2012, but not earlier, for the grant of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is granted.

Entitlement to an effective date of January 13, 2012, but not earlier, for the grant of Dependents’ Educational Assistance (DEA) is granted.

FINDINGS OF FACT

1. The Veteran filed an initial claim for service connection for coronary artery disease (CAD) and prostate cancer on October 25, 2010.

2. From May 1, 2011, the Veteran met the schedular criteria for TDIU and his service-connected disabilities prevented him from securing or following a substantially gainful occupation as of January 13, 2012.

3. Entitlement to basic eligibility for DEA benefits arose on January 13, 2012.

CONCLUSIONS OF LAW

1. The criteria for an effective date of January 13, 2012, but not earlier, for the grant of a TDIU have been met. 38 U.S.C. § 5110 (2012); 38 C.F.R. §§ 3.155, 3.400 (2018).

2. The criteria for an effective date of January 13, 2012, but not earlier, for the grant of DEA have been met. 38 U.S.C. §§ 5110, 5113 (2012); 38 C.F.R. §§ 3.155, 3.400 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active military service from October 1968 to September 1970. 

These matters come before the Board of Veterans’ Appeals (Board) on appeal from a January 2018 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

Earlier Effective Date – Entitlement to a TDIU and DEA

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program.

The Veteran has contended that he should be granted an effective date earlier than July 17, 2013 for the grant of a TDIU and DEA. Specifically, the Veteran stated that he has been in receipt of a combined rating of 60 percent since at least May 1, 2011, with his service-connected coronary artery disease (CAD) and prostate cancer qualifying as a single disability resulting from common etiology, namely presumptive exposure to herbicides. Additionally, the Veteran reported that his service-connected disabilities have prevented him from securing or following any substantial gainful occupation since January 2012.

The record establishes that the Veteran filed a formal claim for entitlement to service connection for CAD and prostate cancer on October 25, 2010. Following a May 2011 rating decision that granted entitlement to service connection for CAD at an initial rating of 10 percent, effective October 25, 2010, and prostate cancer at an initial rating of 40 percent, effective May 1, 2011, the Veteran filed a timely notice of disagreement. 

Later, in March 2017, the Veteran filed a formal claim for entitlement to a TDIU, in which he reported that he became too disabled to work on January 13, 2012 due to his service-connected CAD and prostate cancer. The record does not contain any evidence of the Veteran having filed a claim for a TDIU prior to October 25, 2010. 

In September 2017, the Board granted, in part, an initial rating of 30 percent prior to July 17, 2013, and 60 percent thereafter for service-connected CAD. Additionally, the Board found that service-connected CAD and prostate cancer were considered one disability arising out of a common etiology and that the Veteran met the schedular criteria for the assignment of a TDIU prior to January 2012. Further, the Board determined that the Veteran was unable to secure or follow a substantially gainful occupation in accordance with his background and education level as a result of his service-connected CAD and prostate cancer. 

Accordingly, the Board concludes that the appropriate effective date in this case would be January 13, 2012, which is the later of the date of claim and the date entitlement arose for entitlement to a TDIU. As such, the Board finds that the criteria for an earlier effective date for the grant of a TDIU is warranted. As the Veteran has been granted, herein, an effective date of January 13, 2012 for entitlement to a TDIU; the Board finds that an effective date of January 13, 2012 is warranted for the grant of basic eligibility for DEA benefits pursuant to 38 U.S.C. Chapter 35.

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD D. Ware, Associate Counsel